## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KHOA NGUYEN, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
| DARNELL K. DUNBAR, | *    Civil No. 25-2493-BAH |
|  | * |
| Defendant. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM AND ORDER

On July 30, 2025, Defendant Darnell K. Dunbar (hereinafter "Dunbar"), proceeding pro se, removed this action (Case No. C-02-CV-25-000616)[1] to this Court from the Circuit Court for Anne Arundel County. *See* ECF 1[2] (emergency notice of removal).[3]  Though the removal notice

---

[1] Dunbar appears to seek to remove case number C-02-CV-25000616 from the Circuit Court for Anne Arundel County. ECF 1, at 1; ECF 1-2, at 1. He also attaches a state court document with Case No. C-02-CV-24-000448. ECF 1-1, at 5. The Court takes judicial notice that the state electronic docket for this case reflects that it is a foreclosure action filed against Dunbar in the Circuit Court for Anne Arundel County that is listed as "closed." Dunbar also attaches a document from state district court reflecting a lawsuit filed in state district court. *Id.* at 7 (citing Case No. D-07-cv-25-7045). The Court takes judicial notice that this action was filed against Dunbar and others in the District Court of Maryland for Anne Arundel County by Defendant Khoa Nguyen on January 2, 2025. The case is listed as "on appeal." The Court also notes that state electronic records reflect that this appeal to the Circuit Court for Anne Arundel County is currently "closed," but reflects a "notice of removal to U.S. District Court" filed on July 30, 2025. *See Nguyen et al., v. Darnell Dunbar et al.*, Case No. C-02-CV-25-000616. It is unclear whether the designation of "closed" is due to Dunbar's notice of removal or reflects a prior decision by the Circuit Court. Regardless, based on the notice of removal, the civil cover sheet and the state docket, it appears that this state circuit court action is the one Dunbar seeks to remove to federal court.

[2] Unless otherwise specified, citations to ECF docket numbers refer to documents filed in this action (Civ. No. 25-2493-BAH).

[3] The Clerk's Office issued a deficiency notice on August 1, 2025, as Dunbar did not pay the civil filing fee or file a proper motion to proceed in forma pauperis upon removal. *See* ECF 4. Because the Court now dismisses this action for lack of subject matter jurisdiction, Dunbar need not correct the deficiency.

is vague, it appears that this action is one filed in state court by Khoa Nguyen ("Plaintiff") against Dunbar seeking foreclosure and repossession of a property based on Dunbar's alleged failure to pay his mortgage. *See* ECF 1 (alleging that Dunbar's "underlying obligation" was discharged "via lawful private settlement prior to enforcement of a challenged state court judgement in State Case No. C02CV25000616" and also noting an "eviction [] set for . . . September 4, 2025"). Dunbar advances no explicit justification for this Court's jurisdiction over the matter. *See* ECF 1-2, at 1 (civil cover sheet leaving "basis for jurisdiction" blank). However, he alleges on the civil cover sheet that one plaintiff is incorporated or has its principal place of business in another state. *Id.* It appears from the notice of removal that Plaintiff is a resident of Virginia. ECF 1, at 4 (noting that Nguyen lives in Ashburn, Virginia).[4] Dunbar also alleges in his notice of removal that "[t]he procedural mishandling in state court implicates federal due process violations under the Fourteenth Amendment," ECF 1, at 3, thus arguably alleging federal question jurisdiction. He seeks a stay of "all state proceedings and enforcement actions." *Id.*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Further, since subject matter jurisdiction concerns the court's power to hear a case, the issue must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). With some exceptions not applicable here, the court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount

---

[4] Though the notice of removal makes reference to US Bank and NFM Mortgage, *see* ECF 1, at 1, these entities are not parties to the removed case and thus diversity jurisdiction cannot be based on their citizenship. *See* 28 U.S.C. § 1332 (noting that the civil action must be "*between* . . . citizens of different states*") (emphasis added).

in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The requirement of subject matter jurisdiction is so fundamental that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

As the party seeking to invoke this Court's jurisdiction, Dunbar bears the burden of alleging and demonstrating that this Court has subject matter jurisdiction over the action. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). He has not done so, and thus the case must be remanded to state court. While he appears to attempt to invoke federal question jurisdiction by making reference to the Fourteenth Amendment in his notice of removal, the actions he appears to challenge arise entirely under state law. Indeed, there is no indication that Plaintiff presented a federal question in state court. Further, even if Dunbar had properly pleaded a counterclaim that the Constitution was somehow violated by Plaintiff's actions, it would not give rise to federal question jurisdiction, because, as noted, "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed" and thus "[i]t is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998)). Moreover, federal courts generally do not possess federal question jurisdiction over foreclosure actions

3

brought pursuant to state law. *See Myers v. CFG Cmty. Bank*, Civ. No. CCB-16-3098, 2016 WL

4945009, at *2 (D. Md. Sept. 16, 2016) ("Foreclosure actions brought under state law generally

do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction.");

*Mendoza v. Betch*, Civ. No. DLB-22-543, 2022 WL 2400724, at *1 (D. Md. Mar. 16, 2022)

("[F]oreclosure actions brought under state law do not give rise to federal question subject matter

jurisdiction, and defendants have not identified another basis for this Court's jurisdiction."). Thus,

this Court does not have federal question jurisdiction over this state foreclosure action.

As to any claim that the case belongs in federal court due to diversity jurisdiction, the Court

notes that diversity jurisdiction does not exist "if any of the parties in interest properly joined and

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441

(b)(2). This forum-defendant rule "recognizes that there is no need to protect out-of-state

defendants from local prejudice 'where the defendant is a citizen of the state in which the case is

brought.'" *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642–43 (D. Md. 2015) (citing *Lively v.

Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). Dunbar is a citizen of Maryland. *See*

ECF 1, at 4 (noting an address in Linthicum Heights, Maryland). As such, Dunbar's "request for

removal is therefore barred by the terms of 28 U.S.C. § 1441(b), since he is a nominal defendant-

citizen of the state where this action was instituted." *See Shakil v. Boateng*, Civ. No. GLR-23-

1167, 2023 WL 7194765, at *2 (D. Md. Nov. 1, 2023), *appeal dismissed*, No. 23-2181, 2024 WL

4784385 (4th Cir. Jan. 10, 2024); *see also WBGLMC v. Ball*, Civ. No. PWG-14-3460, 2014 WL

6977713, at *2 (D. Md. Dec. 8, 2014) ("Further, even if none of the Plaintiffs were Maryland

citizens, it is undisputed that Defendant is a Maryland citizen, Plaintiffs brought this case in

Maryland, and "[a] civil action otherwise removable solely on the basis of the jurisdiction under

section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought." (citing 28 U.S.C. §

4

1441(b)(2))).  Because this Court lacks subject matter jurisdiction, this action will be remanded back to state court.

For these reasons, it is, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

(1) The case is **REMANDED** to the Circuit Court for Anne Arundel County; and

(2) The Clerk is directed to **MAIL** a copy of this memorandum and order to Dunbar and to **CLOSE** this case.

Dated: <u>August 6, 2025</u>

<u>            /s/            </u>
Brendan A. Hurson
United States District Judge

5